UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **DELANDRIA WALTON,** individually and on behalf of all others similarly situated, | Civil Action No. 3:22-cv-62 |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| **HILLCREST HEALTHCARE COMMUNITIES, INC.,** | |
| *Defendant.* | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Delandria Walton brings this action individually and on behalf of all current and former non-exempt hourly employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Hillcrest Healthcare Communities, Inc. ("Hillcrest" or "Defendant"), and were paid shift differentials, at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

Plaintiff's claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This lawsuit includes a collective action pursuant to the FLSA, 29 U.S.C. §§ 201–19 to recover overtime wages, attorneys' fees, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those current and former non-exempt hourly employees who worked for Defendant and were paid a shift differential, anywhere in the United

States, at any time from February 16, 2019 through the final disposition of this matter, but did not receive the proper amount overtime for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. The decision by Defendant not to pay overtime compensation to Plaintiff and the Putative Class Members at the correct rate was neither reasonable nor in good faith.

6. Defendant knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Plaintiff prays that all similarly situated non-exempt hourly employees paid a shift differential (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

9. Plaintiff Delandria Walton ("Walton") worked for Defendant within the relevant time period. Plaintiff Walton did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

10. The FLSA Collective Members include those current and former hourly employees who worked for Defendant and were paid a shift differential, anywhere in the United States, at any

---

[1] The written consent of Delandria Walton is hereby attached as Exhibit A.

time since February 16, 2019, and have been subjected to the same illegal pay system under which Plaintiff Walton worked and was paid.

11. Hillcrest Healthcare Communities, Inc. ("Hillcrest") is a domestic corporation, licensed to and doing business in Tennessee, and may be served through its registered agent for service of process: **Ashley Trotto, 550 West Main Street, Suite 400, Knoxville, Tennessee 37902-2567.**

## III.
## JURISDICTION & VENUE

12. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

13. This Court has personal jurisdiction over Defendant because the cause of action arose within this District as a result of Defendant's conduct within this District.

14. Venue is proper in the Eastern District of Tennessee because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Defendant maintains its principal office in Knoxville, Tennessee, which is within this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

17. Hillcrest Healthcare Communities, Inc. offers a comprehensive portfolio of services and therapies, including skilled nursing, rehabilitation, and long-term care.[2]

18. Hillcrest operates four facilities for the residential care of elderly and/or disabled individuals, and also offers "non-medical, personal care services for seniors in the greater Knoxville area and surrounding counties."[3]

---

[2] https://www.hillcresthc.com/services/.

[3] https://www.hillcresthc.com/hillcrest-at-home/.

19. To provide these services, Defendant employed skilled nursing and other non-medical support staff—including Plaintiff and the Putative Class Members—who were paid an hourly rate for their services and received a shift differential for certain shifts.

20. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work as caregivers to Defendant's elderly and/or disabled clients.

21. Plaintiff Walton has worked for Defendant as a Certified Nursing Assistant ("CNA") at Defendant's West Hills Health and Rehabilitation Facility in Knoxville, Tennessee since March 2018.

22. Hillcrest paid Plaintiff and the Putative Class Members an hourly rate for their services, in addition to shift differentials for work performed on a night or weekend shift.

23. Although it is well-known that non-exempt employees like Plaintiff and the Putative Class Members are entitled to an overtime rate of time and one half for all hours worked over forty (40) in a workweek, Defendant did not include the additional amounts for the shift differentials in the calculation of their overtime rate.

24. Defendant therefore denied Plaintiff and the Putative Class Members the correct amount of overtime pay as a result of a widely applicable and illegal pay practice.

25. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received the correct amount of overtime compensation.

26. Defendant applied this pay practice despite clear and controlling law that requires Defendant to include all compensation earned in a workweek in the calculation of the regular rate of pay for overtime purposes.

27. Accordingly, Defendant's pay policies and practices blatantly violated (and continue to violate) the FLSA.

# V.
# CAUSE OF ACTION

### A. FLSA COVERAGE

28. All previous paragraphs are incorporated as though fully set forth herein.

29. The FLSA Collective is defined as:

**ALL NON-EXEMPT HOURLY EMPLOYEES WHO WORKED FOR HILLCREST HEALTHCARE COMMUNITIES, INC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 16, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID SHIFT DIFFERENTIALS. ("FLSA Collective" or "FLSA Collective Members").**

30. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

32. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise had, and has, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

33. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendant, these individuals provided services for Defendant that involved interstate commerce for purposes of the FLSA.

34. In performing the operations described above, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning

of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

35. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Defendant and provided care-giving services to clients domiciled both inside and outside the State of Tennessee.

36. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

37. In violating the FLSA, Defendant acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

38. The proposed collective of similarly situated employees, i.e. putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 29.

39. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

B. **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

42. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is

in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

43. Moreover, Defendant knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation at the federally mandated rate. 29 U.S.C. § 255(a).

44. Defendant knew or should have known its pay practices were in violation of the FLSA.

45. Defendant is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

46. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay overtime in accordance with the law.

47. The decision and practice by Defendant to not pay the correct amount of overtime was neither reasonable nor in good faith.

48. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, inclusive of extra sums received as shift differentials, plus liquidated damages, attorneys' fees and costs.

**C. FLSA COLLECTIVE ACTION ALLEGATIONS**

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff Walton.

51. Other similarly situated employees have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

52. The FLSA Collective Members are defined in Paragraph 29.

53. Defendant's failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the individual FLSA Collective Members.

54. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

55. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

56. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

57. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

58. Indeed, the FLSA Collective Members are non-exempt hourly employees entitled to overtime after forty (40) hours in a week.

59. Defendant has employed a substantial number of similarly situated non-exempt hour employees paid a shift differential since February 16, 2019.

60. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its rampant violations.

61. Moreover, individual litigation would be unduly burdensome to the judicial system.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

63. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 29 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

64. Plaintiff respectfully prays for judgment against Defendant as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 29 and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

    b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order awarding the costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding the Plaintiff a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of Defendant, at Defendant's own expense;

    i. For an Order providing for injunctive relief prohibiting Defendant from engaging in future violations of the FLSA, and requiring Defendant to comply with such laws going forward; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: February 16, 2022 Respectfully submitted,

**DELIUS & MCKENZIE, PLLC**

By: /s/ *Bryce W. McKenzie*
**Bryce W. McKenzie**
TN Bar No. 027415
bryce@deliusmckenzie.com
124 Court Avenue
Sevierville, Tennessee 37862
Telephone: (865) 428-8780
Facsimile: (865) 428-5254

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander** (*Application for Admission Forthcoming*)
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** (*Application for Admission Forthcoming*)
Texas Bar No. 24045189
austin@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Counsel for Plaintiff and the FLSA Collective Members**