UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| DELANDRIA WALTON, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HILLCREST HEALTHCARE COMMUNITIES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No.: 3:22-cv-62-TAV-DCP |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the parties' Joint Motion for Approval of Settlement [Doc. 16].

1. Plaintiff filed a complaint against defendant on February 22, 2022. The complaint asserts claims for unpaid wages, including overtime wages, liquidated damages and attorney's fees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. After conducting informal discovery and investigation, the parties entered into settlement negotiations, and the parties reached an agreement to settle plaintiff's claims asserted against the defendant.

3. The parties have filed a Joint Motion for Approval of Settlement and a copy of the settlement agreement has been presented to the Court for review and consideration.

4. Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims of this nature can be settled and released by employees. First, under

FLSA § 216(c), claimants may settle and release claims under the FLSA if payment of unpaid wages by the alleged employer is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a lawsuit brought by a claimant against his or her alleged employer under § 216(b), the claimant may settle and release FLSA claims if the parties present to the court a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *Rampersad v. Certified Installation, LLC*, No. 1:12-cv-32, 2012 WL 5906878, at *2 (E.D. Tenn. Nov. 26, 2012). In detailing the circumstances justifying court approval of an FLSA settlement in the private litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees [or claimants] under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees [or claimants] are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee [or claimant] FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

5. After reviewing the relevant documents and the record as a whole, the Court is satisfied that the compromise between plaintiff and defendant is a fair and reasonable resolution of the parties' *bona fide* dispute. Plaintiff maintained that she was not paid sufficient overtime on incentives that she received. Defendant disputed this and believes

that she was paid sufficient overtime, including on incentives. Thus, this action was adversarial in nature.

6. Both plaintiff and defendant have been represented by legal counsel throughout this process, plaintiff's claims were disputed, and the settlement was reached following arm's length negotiations. The parties understand that their legal counsel would have expended large amounts of time litigating over the facts of what happened and the legal standards that would apply to the facts of this case, and that the outcome of this case was uncertain.

7. Based upon the parties' representations, the Court finds that the parties are engaged in a *bona fide* dispute. The Court further finds that, given the legal and factual strengths and weaknesses of each of the parties' respective positions, the proposed settlement in this matter represents a fair and reasonable resolution of the parties' disputes. The Court notes that the parties have reached an agreement as to payment of reasonable attorney fees and costs, and further notes that the plaintiff's settlement amount will not be reduced to pay for expenses incurred in this matter. Additionally, as to attorney fees, the Court finds that said fees are reasonable and defendant does not dispute the reasonableness of said fees. Further, none of the attorney's fees will be taken out of the plaintiff's relief as both amounts were negotiated separately and are designated separately in the settlement agreement.

Based upon the foregoing, the Court finds that the parties' proposed settlement, as memorialized in the settlement agreement, is a fair and reasonable resolution of a dispute

under the FLSA. The negotiations that resulted in a settlement were held at arms' length with the parties being represented by reputable counsel. After considering all the facts and circumstances as reflected in the document provided, the Court approves this settlement and dismisses this action with prejudice.

Accordingly, the proposed settlement, as contained in the parties' settlement agreement, is **APPROVED**, and the parties' Joint Motion for Approval of Settlement [Doc. 16] is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. There being no further issues before the Court, the Clerk is **DIRECTED** to **CLOSE** the file.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE